killed. It was held that the case presented a question of fact for the jury as to the defendant's negligence in allowing the platform to become so crowded that the driver could not use the brakes without pushing away those standing near him and thus crowding off some one on the outside. It was there said that it was the duty of the defendant, when it allowed passengers to ride on the platform to use a high degree of care to protect them from injury. In the case at bar the fact was conceded that the conductor struck the pole as he was swinging out around somebody and was thrown from the car and struck the plaintiff. It may be assumed, as was said in the dissenting opinion in Davern's Case, that there was no passageway in the car, and the only practical method by which the conductor could collect the fares was by passing along the running board. In this he was performing the duty required of him by the defendant. There were, therefore, two concurring causes which produced the injury to the plaintiff—one the overcrowding of the car permitted by the conductor, and the other his act in coming in contact with the pole. It will not be presumed that the conductor intentionally caused the injury to himself. Assuming that both acts were negligent, they were such that, applying the principle of the Cattano Case, the defendant is responsible for his negligent acts.

The judgment below should be affirmed.

Judgment affirmed, with costs. All concur, except HISCOCK, J., not voting.

---

(111 App. Div. 907)

H. REMINGTON & SON PULP & PAPER CO. v. WATER COM'RS OF CITY OF WATERTOWN.

(Supreme Court, Appellate Division, Fourth Department.    January 3, 1906.)

WATERS AND WATER COURSES—ERECTION OF DAM—INJURIES TO PROPERTY.
    In an action to recover for injuries to property by the erection of a dam, the rights of the parties are to be governed by the ordinary stage of water, and not by "low and medium waters."

Appeal from Trial Term, Jefferson County.

Action by the H. Remington & Son Pulp & Paper Company against the water commissioners of the city of Watertown. From an interlocutory judgment for plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Arthur L. Chapman, for appellant.
Joseph Atwell, for respondent.

NASH, J. It seems to be conceded that the crest of the defendant's dam is 2.77 feet above the level of the average flow of the water at the property line of the plaintiff, instead of that height above the level of the water at the point where the plaintiff proposes to erect its dam, as erroneously found in the eleventh finding of fact. The finding is based upon the levelings taken of the average minimum flow of water; whereas, the rights of the parties are to be governed by the ordinary stage of the water. The finding that "such backing of

the water greatly reduced the plaintiff's head at said site, so that in low and medium water the power will be seriously diminished," erroneously implies that the rights of the parties may be based upon "low and medium water," instead of the ordinary flow.

The seventh finding of fact, determining the head or height of the fall of water which could be produced at the proposed site for a dam, is also based upon the erroneous figures found in said eleventh finding, as is also the rest of this finding. The facts found in said seventh finding of fact, and in the eighth, and the second, third, fourth, and fifth paragraphs of the eleventh finding of fact, are matters which should be passed upon and determined upon a reference or by a commission in assessing the damages which the plaintiff has and will sustain, if any, by reason of the construction and maintenance of the defendant's said dams at their present height, and the same should therefore have been omitted from the findings as a basis of an interlocutory judgment. While it is unfortunate that a new trial of this case should be had, still we see no other way to dispose of it, unless the parties stipulate to correct the errors referred to.

Interlocutory judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.